4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 9 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DAN L. INGHAM, § | |
|     Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. B-~~00-042~~ |
| § | 01-01 |
| GARY L. JOHNSON, DIRECTOR, § | |
| TEXAS DEPARTMENT OF § | |
| CRIMINAL JUSTICE, § | |
| INSTITUTIONAL DIVISION, § | |
|     Respondent. § | |

### PETITIONER'S PRO SE OBJECTIONS TO RESPONDENT'S MOTION FOR EXTENSION OF TIME

TO THE HONORABLE JUDGE OF THE SAID COURT:

COMES NOW Dan I. Ingham, Petitioner Pro Se, and files this his Objections to Respondent Johnson's First Motion For Extension of Time. In support, Petitioner would show the following:

I.

This is a federal habeas corpus proceeding brought by a state confined prisoner pursuant to 28 U.S.C. § 2241, et seq., complaining of his being imprisoned for more than a year in excess of his one year mandatory supervision release date.

Respondent's initial answer was due filed on or before March 2, 2001, but he now seeks an additional sixty (60) days to make his answer. Because the initial March 2, 2001 due date has passed, the Petitioner has no objection to Respondent being granted an additional thirty (30) days, making his answer due filed on or before April 2, 2001. However, Petitioner would object to a sixty-day extension.

Page 1.

II.

Respondent's counsel alleges numerous reasons for requesting a sixty day extension. However, the Petitionr has already been confined more than a year in excess of his mandatory release date. Continuation of that excessive confinement only serves to compound the harm and further the injury. Petitioner cannot be blamed and should not be made to suffer the burden of opposing counsel's office being understaffed or because counsel has a two-day evidentiary hearing in a different and unrelated matter.

Opposing counsel made no attempt to consult with Petitioner prior to filing the motion for extension of time. A teleconference can be easily scheduled through the Allred Unit Warden's Office.

III.

WHEREFORE, PREMISES CONSIDERED, Petitionr Dan Ingham respectfully moves for this Court to deny the Respondent's request for a sixty day extension of time, to grant Respondent thirty days, making Respondent's answer due filed on or before April 2, 2001, and thereafter find this to be a case in which the writ should issue.

Respectfully Submitted,

DAN L. INGHAM #309147
Petitioner, Pro Se
James V. Allred Unit
2101 FM 369 North
Iowa Park, Texas 76367-6568

CERTIFICATE OF CONFERENCE

This is to certify that because the Petitioner is incarcerated, no conference has been held between the parties regarding this Objection. It is anticipated that Respondent's counsel will oppose this objecion. A teleconference can be made by counsel scheduling it through the office of the Warden.

*(signature)*
DAN L. INGHAM
Petitioner, Pro Se


NOTICE OF SUBMISSION

TO: Karyl Krug, counsel for Respondent Johnson, you are hereby notified that the undersigned Petitioner will bring the forgoing Objection before the Court as soon as business of the Court permits.

*(signature)*
DAN L. INGHAM
Petitioner, Pro Se


CERTIFICATE OF SERVICE

This is to certify that the undersigned has on this _____ day of March, 2001, served a true and correct copy of the forgoing Objection on opposing counsel by mailing same via U.S. Mail, First-Class postage prepaid, properly enveloped and deposited in the prison institution's internal mailbox for outside mailing, addressed to:

Karyl Krug
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

*(signature)*
DAN L. INGHAM
Petitioner, Pro Se